**Exhibit A**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, FIRST MUNICIPAL DIVISION

| | |
|---|---|
| EUGENE TUCKER ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 15 M1 302509 |
| ) | |
| P.O. TORRES #13901 and P.O. FAHEY #19295, ) | |
| Individually, and THE CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

### SECOND AMENDED COMPLAINT

**NOW COMES** the Plaintiff, EUGENE TUCKER by and through his attorneys, Gregory E. Kulis & Associates, Ltd. and for his Second Amended Complaint against the Defendants, P.O. TORRES #13901 and P.O. FAHEY #19295, individually and THE CITY OF CHICAGO as respectfully states as follows:

### COUNT I - FALSE ARREST

1. This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, EUGENE TUCKER accomplished by acts and/or omissions of Defendants P.O. TORRES #13901 and P.O. FAHEY #19295 committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3. The Plaintiff, EUGENE TUCKER, was at all relevant times, a United States citizen and a resident of the City of Chicago, County of Cook, State of Illinois.

4. At all relevant times, the Defendants P.O. TORRES #13901 and P.O. FAHEY #19295 were duly appointed Chicago Police Officers acting within the scope of their employment and under color of law.

EXHIBIT A

1

**Exhibit A**

5. On or about the afternoon of August 3, 2014 at approximately 3:25 p.m., the Plaintiff, EUGENE TUCKER, was walking at or near the vicinity of 57th Street and State Street in the Chicago, Illinois.

6. On or about said date and time, and at the aforementioned location, P.O. TORRES #13901 and P.O. FAHEY #19295 stopped their squad car near where the Plaintiff was walking, exited and approached the Plaintiff, and demanded to speak to him.

7. The Plaintiff responded that he was walking home and did not wish to speak to the officers.

8. The Defendant officers became angry at Plaintiff's refusal to speak to them.

9. One or more of the officers then violently grabbed the Plaintiff, slammed him against the exterior of a building at or near said location, and began to violently and aggressively search the Plaintiff's person.

10. The Plaintiff was not committing any crimes or violating any laws and there was no probable cause for the Defendant Police Officers to detain the Plaintiff, search his person, or slam him against the exterior of a building and use force during the commission of their unlawful search.

11. The Plaintiff questioned these actions.

12. To cover up their wrongful actions and the unnecessary and excessive force used by one or more of the Defendant officers, the Defendants falsely arrested the Plaintiff and charged him with possession of controlled substances.

13. The Plaintiff was not in possession of controlled substances at the time of his arrest and there was no probable cause to believe that he was in possession of controlled substances.

14. All charges levied against the Plaintiff were false.

15. There was no probable cause to arrest the Plaintiff.

**Exhibit A**

16. At all relevant times, the Defendants, P.O. TORRES #13901 and P.O. FAHEY #19295 were acting pursuant to the customs and policies of the Chicago Police Department.

17. The actions of the Defendants, P.O. TORRES #13901 and P.O. FAHEY #19295 were intentional, willful and with malice.

18. Said actions of the Defendants, P.O. TORRES #13901 and P.O. FAHEY #19295 violated the Plaintiff, EUGENE TUCKER' Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

19. As a direct and proximate consequence of said conduct of the Defendants P.O. TORRES #13901 and P.O. FAHEY #19295 the Plaintiff, EUGENE TUCKER suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering and future pain and suffering.

**WHEREFORE**, the Plaintiff, EUGENE TUCKER, prays for judgment in his favor and against the Defendants P.O. TORRES #13901 and P.O. FAHEY #19295 for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT II - EXCESSIVE FORCE/FAILURE TO INTERVENE

1-19. The Plaintiff, EUGENE TUCKER, hereby realleges and incorporates his allegations of paragraphs 1-19 of Count I as his respective allegations of paragraphs 1-19 of Count II as though fully set forth herein.

20. As a result of the aforementioned actions of the Defendant officers, the Plaintiff, EUGENE TUCKER, was injured.

21. Said use of force by the Defendant officers was excessive, unreasonable and unprovoked.

22. While these incidents were taking place, the other Defendant officer was nearby, observed the uses of force, and did nothing to intervene.

3

23. The actions of the Defendants were intentional, willful and wanton.

24. At all relevant times, the P.O. TORRES #13901 and P.O. FAHEY #19295 were acting pursuant to the customs and policies of the Chicago Police Department.

25. Said actions of the Defendants P.O. TORRES #13901 and P.O. FAHEY #19295 violated the Plaintiff, EUGENE TUCKER'S Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

26. As a direct and proximate consequence of said conduct of the Defendants P.O. TORRES #13901 and P.O. FAHEY #19295 the Plaintiff, EUGENE TUCKER, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering and future pain and suffering.

**WHEREFORE**, the Plaintiff, EUGENE TUCKER, prays for judgment in his favor and against the Defendants P.O. TORRES #13901 and P.O. FAHEY #19295 for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT III - INDEMNIFICATION

1-26. The Plaintiff, EUGENE TUCKER, hereby realleges and incorporates his allegations of paragraphs 1-26 of Counts I and II as his respective allegations of paragraphs 1-26 of Count III as though fully set forth herein.

27. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

28. The Defendants P.O. TORRES #13901 and P.O. FAHEY #19295 were employees of THE CITY OF CHICAGO, who acted within their scope of their employment in committing the misconduct described herein.

4

**Exhibit A**

WHEREFORE, should the Defendants P.O. TORRES #13901 and P.O. FAHEY #19295 be found liable for any of the acts alleged above, the Defendant, THE CITY OF CHICAGO, would be liable to pay the Plaintiff, EUGENE TUCKER any judgment obtained against the Defendants.

Respectfully submitted,
**PLAINTIFF:**

One of Plaintiff's Attorneys

**Gregory E. Kulis & Associates, Ltd.**
**30 North LaSalle Street, Suite 2140**
**Chicago, Illinois 60602**
**(312) 580-1830**
**Atty. #: 70798**

5