IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE TUCKER | ) | |
| | ) | Case No. 16 CV 02480 |
| Plaintiff, | ) | |
| v. | ) | Judge Matthew Kennelly |
| | ) | |
| P.O. TORRES #13901 and P.O. FAHEY #19295, | ) | Jury Demand |
| Individually, and THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendants City of Chicago ("Defendant City"), Officer Torres ("Defendant Torres"), and Officer Fahey ("Defendant Fahey") (collectively "Defendants"), through their attorney, Scott A. Cohen, Assistant Corporation Counsel, for their answer to Plaintiff's Second Amended Complaint, Affirmative Defenses, and Jury Demand, state as follows:

**COUNT I - FALSE ARREST**

1. This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, EUGENE TUCKER accomplished by acts and/or omissions of Defendants P.O. TORRES #13901 and P.O. FAHEY #19295 committed under color of law.

**ANSWER:** Defendants admit Plaintiff brings this action pursuant to 42 U.S.C. §1983 and §1988 and the laws of the State of Illinois alleging deprivations of his civil rights. Answering further, Defendants deny any deprivation of Plaintiff's civil rights.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

**ANSWER:** Defendants admits jurisdiction is proper.

3. The Plaintiff, EUGENE TUCKER, was at all relevant times, a United States citizen and a resident of the City of Chicago, County of Cook, State of Illinois.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. At all relevant times, the Defendants P.O. TORRES #13901 and P.O. FAHEY #19295 were duly appointed Chicago Police Officers acting within the scope of their employment and under color of law.

**ANSWER:** Defendants admit the allegations contained in this paragraph but deny engaging in the misconduct described in this Complaint.

5. On or about the afternoon of August 3, 2014 at approximately 3:25 p.m., the Plaintiff, EUGENE TUCKER, was walking at or near the vicinity of 57th Street and State Street in the Chicago, Illinois.

**ANSWER:** Defendants admit Plaintiff was in the vicinity of 57th Street and State Street on August 3, 2014, but deny the Defendants Officers encountered him at 3:25 p.m. Defendants deny Plaintiff was simply walking and engaging in no other activity.

6. On or about said date and time, and at the aforementioned location, P.O. TORRES #13901 and P.O. FAHEY #19295 stopped their squad car near where the Plaintiff was walking, exited and approached the Plaintiff, and demanded to speak to him.

**ANSWER:** Defendants admit the Defendant Officers stopped their police vehicle near Plaintiff near 57th Street and State Street on August 3, 2014. Defendants admit the Defendant Officers attempted to speak with Plaintiff. Defendants deny this occurred at 3:25 p.m. or that the Defendant Officers "demanded" to speak with Plaintiff.

7. The Plaintiff responded that he was walking home and did not wish to speak to the officers.

2

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. The Defendant officers became angry at Plaintiff's refusal to speak to them.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

9. One or more of the officers then violently grabbed the Plaintiff, slammed him against the exterior of a building at or near said location, and began to violently and aggressively search the Plaintiff's person.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

10. The Plaintiff was not committing any crimes or violating any laws and there was no probable cause for the Defendant Police Officers to detain the Plaintiff, search his person, or slam him against the exterior of a building and use force during the commission of their unlawful search.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

11. The Plaintiff questioned these actions.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

12. To cover up their wrongful actions and the unnecessary and excessive force used by one or more of the Defendant officers, the Defendants falsely arrested the Plaintiff and charged him with possession of controlled substances.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

13. The Plaintiff was not in possession of controlled substances at the time of his arrest and there was no probable cause to believe that he was in possession of controlled substances.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

14. All charges levied against the Plaintiff were false.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

15. There was no probable cause to arrest the Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

16. At all relevant times, the Defendants, P.O. TORRES #13901 and P.O. FAHEY #19295 were acting pursuant to the customs and policies of the Chicago Police Department.

**ANSWER:** Defendants admit they were acting pursuant to the policies of the Chicago Police Department but deny the allegations contained in this paragraph to the extent Plaintiff is pleading the Chicago Police Department has customs and policies of wrongdoing. Defendants further deny engaging in the wrongdoing alleged in this Complaint.

17. The actions of the Defendants, P.O. TORRES #13901 and P.O. FAHEY #19295 were intentional, willful and with malice.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

18. Said actions of the Defendants, P.O. TORRES #13901 and P.O. FAHEY #19295 violated the Plaintiff, EUGENE TUCKER' Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

19. As a direct and proximate consequence of said conduct of the Defendants P.O. TORRES #13901 and P.O. FAHEY #19295 the Plaintiff, EUGENE TUCKER suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering and future pain and suffering.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

### **COUNT II - EXCESSIVE FORCE/FAILURE TO INTERVENE**

1-19. The Plaintiff, EUGENE TUCKER, hereby realleges and incorporates his allegations of paragraphs 1-19 of Count I as his respective allegations of paragraphs 1-19 of Count II as though fully set forth herein.

**ANSWER:** Defendants hereby re-allege and incorporate their answers to paragraphs 1-19 as if fully set forth herein.

20. As a result of the aforementioned actions of the Defendant officers, the Plaintiff,

4

EUGENE TUCKER, was injured.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

21. Said use of force by the Defendant officers was excessive, unreasonable and unprovoked.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

22. While these incidents were taking place, the other Defendant officer was nearby, observed the uses of force, and did nothing to intervene.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

23. The actions of the Defendants were intentional, willful and wanton.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

24. At all relevant times, the P.O. TORRES #13901 and P.O. FAHEY #19295 were acting pursuant to the customs and policies of the Chicago Police Department.

**ANSWER:** Defendants admit they were acting pursuant to the policies of the Chicago Police Department but deny the allegations contained in this paragraph to the extent Plaintiff is pleading the Chicago Police Department has customs and policies of wrongdoing. Defendants further deny engaging in the wrongdoing alleged in this Complaint.

25. Said actions of the Defendants P.O. TORRES #13901 and P.O. FAHEY #19295 violated the Plaintiff, EUGENE TUCKER'S Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

26. As a direct and proximate consequence of said conduct of the Defendants P.O. TORRES #13901 and P.O. FAHEY #19295 the Plaintiff, EUGENE TUCKER, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering and future pain and suffering.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

## COUNT III - INDEMNIFICATION

1-26.    The Plaintiff, EUGENE TUCKER, hereby realleges and incorporates his allegations of paragraphs 1-26 of Counts I and II as his respective allegations of paragraphs 1-26 of Count III as though fully set forth herein.

**ANSWER:**    Defendants hereby re-allege and incorporate their answers to paragraphs 1-26 as if fully set forth herein.

27.    Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:**    Defendants admit under Illinois law, under certain circumstances, public entities, such as the City of Chicago, are directed to pay compensatory damages on a tort judgment against an employee acting within the scope of his or her employment, but Defendants deny paragraph 27 contains a complete or accurate statement of the law. Defendants state the allegations of paragraph 27 that suggest, allege, or otherwise imply that the City of Chicago is liable as principal for all torts committed by its agents contains a vague, incomplete, and/or incorrect statement of the nature of the City of Chicago's liability under Illinois law, and therefore such allegations are deemed denied.

28.    The Defendants P.O. TORRES #13901 and P.O. FAHEY #19295 were employees of THE CITY OF CHICAGO, who acted within their scope of their employment in committing the misconduct described herein.

**ANSWER:**    Defendants admit the Defendant Officers were employees of the City of Chicago Police Department and acted within the scope of their employment on August 3, 2014. Answering further, Defendants deny the Defendant Officers engaged in the misconduct described in this Complaint.

## AFFIRMATIVE DEFENSES

1. Defendants Torres and Fahey are government officials who perform discretionary functions At all times material to the events alleged in Plaintiff's Second Amended Complaint, a reasonable police officer objectively viewing the facts and circumstances confronted by Defendants Torres and Fahey

6

could have believed his actions to be lawful in light of clearly established law and the information that Defendants Torres and Fahey possessed. Defendants Torres and Fahey, therefore, are entitled to qualified immunity as a matter of law.

2. As to any state-law claims Plaintiff is attempting to plead, those claims are time-barred by the statute of limitations. 745 ILCS 10/8-101.

3. As to any state-law claims, at the time of the incident alleged in Plaintiff's Second Amended Complaint, Defendants Torres and Fahey were City employees engaged in the execution and enforcement of the law. Under the Tort Immunity Act, an employee or agent of the City is not liable for his acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2002). The acts and/or omissions of Defendants Torres and Fahey were not willful nor wanton. Therefore, Defendants Torres and Fahey are not liable to Plaintiff.

4. Under the Illinois Tort Immunity Act, Defendants Torres and Fahey are not liable for any state-law claims alleged because a public employee, as such and acting within the scope of his or her employment, is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2002).

5. Under the Illinois Tort Immunity Act, Defendants Torres and Fahey are not liable for any state-law claims alleged because the decision as to what action to take with regard to Plaintiff was a discretionary decision for which the City and its employees are immune from liability. 745 ILCS 10/2-201.

## **JURY DEMAND**

Defendants request a trial by jury.

Respectfully submitted,

/s/ Scott A. Cohen
Scott A. Cohen
Assistant Corporation Counsel

City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 N. La Salle St., Suite 900
Chicago, Illinois 60602
T: (312) 744-2568
F: (312) 744-6566